Filed 4/25/16  P. v. Smith CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY LAMONT SMITH,<br><br>    Defendant and Appellant. | F070707<br><br>(Super. Ct. No. CF94526645)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Gomes, J. and Franson, J.

## INTRODUCTION

Appellant Anthony Lamont Smith was sentenced in 1995 to a term of 25 years to life, after suffering a third strike conviction for being a felon in possession of a firearm. In 2013, he petitioned for resentencing pursuant to Penal Code[1] section 1170.126. After the trial court denied the petition on the grounds he was statutorily ineligible, Smith appealed. In case No. F067404, this court reversed and remanded, holding that the trial court should examine the record of conviction to determine if Smith actually had the weapon he was convicted of possessing "available for offensive or defensive use." After remand, the trial court found that Smith had actual possession of the weapon for offensive or defensive purposes and denied the petition for resentencing. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On December 11, 1994, two 17-year-old males boarded a bus and sat in the back. Smith and Jimmie Smith sat facing the two young men. Smith pulled out a chrome handgun and handed it to Jimmie. Jimmie used the handgun to rob the two young men of money and jewelry.

The next day, Smith and Jimmie were arrested at Smith's apartment, along with a 16-year-old female runaway and a male juvenile parolee. The young female was in possession of a piece of jewelry taken from one of the 17-year-olds in the robbery the day before. She also was in possession of a .25-caliber handgun that fit the description of the gun used in the robbery on the bus, as well as an Uzi.

The young female stated that just before officers arrived at the apartment, Smith had received a phone call. When he hung up, Smith and Jimmie put the guns under her clothing and told her to sit down while officers searched the apartment.

---

[1]    References to code sections are to the Penal Code unless otherwise specified.

On April 3, 1995, Smith was convicted of being a felon in possession of a firearm, a violation of section 12021, subdivision (a). The trial court sentenced Smith to 25 years to life because he had two prior strike convictions.

On April 10, 2013, Smith filed a petition to recall his sentence and for resentencing, pursuant to section 1170.126. On May 16, 2013, the trial court determined that Smith was statutorily ineligible for resentencing on the grounds Smith had been convicted of a gun-related offense.

Smith appealed the denial of his petition for resentencing on June 3, 2013. The appeal was assigned case number F067404. On April 24, 2014, this court issued our decision in case number F067404, in which we reversed the trial court's order denying the petition. In our unpublished opinion we stated:

> "Insofar as is pertinent to this appeal, in order for an inmate to be eligible for resentencing under the Act, his or her current sentence cannot have been 'imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.' (§ 1170.126, subd. (e)(2).) Thus, an inmate is disqualified from resentencing if, inter alia, '[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

> "'[A]rmed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively. (E.g., § 1203.06, subd. (b)(3); Health & Saf. Code, § 11370.1, subd. (a); *People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*) [construing § 12022].) 'The enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted' (*People v. Weidert* (1985) 39 Cal.3d 836, 844), 'and to have enacted or amended a statute in light thereof' (*People v. Harrison* (1989) 48 Cal.3d 321, 329). 'This principle applies to legislation enacted by initiative. [Citation.]' (*People v. Weidert*, *supra*, at p. 844.)

> "Where, as here, 'the language of a statute uses terms that have been judicially construed, "'the presumption is almost irresistible'" that the terms

have been used "'in the precise and technical sense which had been placed upon them by the courts.'" [Citations.] This principle [likewise] applies to legislation adopted through the initiative process. [Citation.]' (*People v. Weidert, supra,* 39 Cal.3d at pp. 845-846.) Accordingly, we conclude the electorate intended 'armed with a firearm,' as that phrase is used in the Act, to mean having a firearm available for offensive or defensive use. [¶] … [¶]

"An examination of the statutory scheme as a whole supports the conclusion the phrase '[d]uring the commission of the current offense, the defendant … was armed with a firearm,' as used in sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii), and as disqualifies an inmate from resentencing pursuant to section 1170.126, subdivision (e)(2), extends to situations in which the defendant was convicted of violating section 12021 if the defendant had the firearm he or she was convicted of possessing available for use, either offensively or defensively. A conviction for violating section 12021 is insufficient, standing alone, to disqualify a defendant. Rather, the record of conviction must establish arming or one of the other disqualifying factors."

We remanded the matter for the trial court to determine whether Smith was "armed with a firearm" during the commission of the offense of felon in possession of a firearm, or in other words, if Smith had the firearm available for use, either defensively or offensively.

The trial court held a hearing after remand on December 18, 2014. During the hearing, the trial court considered the facts of the underlying offense and heard argument from counsel. At the conclusion of the hearing, the trial court denied the petition for resentencing finding that the evidence showed Smith "had actual possession of a firearm, that is, immediate access to the firearm for offensive or defensive purposes."

On December 23, 2014, Smith filed a notice of appeal. Appellate counsel was appointed on February 17, 2015.

## DISCUSSION

On May 14, 2015, appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. That same day, our letter inviting Smith to submit supplemental briefing was issued. No supplemental brief was filed.

The trial court conducted a hearing on Smith's petition for recall of sentence and resentencing after remittitur issued in case number F067404.  The trial court applied this court's holding in F067404 to the facts of Smith's underlying offense.  Ultimately, the trial court concluded that Smith was not eligible for resentencing under section 1170.126.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The December 18, 2014 order denying the petition for recall of sentence and resentencing pursuant to section 1170.126 is affirmed.